Filed 10/20/14  Meza v. City of Ontario CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| PHILLIP J. MEZA, | |
| Plaintiff and Appellant, | G050058 |
| v. | (Super. Ct. No. CIVRS 1108028) |
| CITY OF ONTARIO, | O P I N I O N |
| Defendant and Respondent; | |
| WAL-MART STORES, INC., et al. | |
| Real Parties in Interest and Respondents. | |

Appeal from a judgment of the Superior Court of San Bernardino County, Barry L. Plotkin, Judge.  Affirmed.

Briggs Law Corporation, Cory J. Briggs and Makaela M. Gladden for Plaintiff and Appellant.

Best, Best & Krieger, Michelle Ouellette and Fernando Avila for Defendant and Respondent.

Manatt, Phelps & Phillips, Jack S. Yeh and Keli N. Osaki for Real Parties in Interest and Respondents.

\*          \*          \*


Appellant Phillip J. Meza filed a verified complaint alleging, as relevant here, that real parties in interest (collectively, Wal-Mart) began demolition and construction on a new Wal-Mart Supercenter under an expired development plan and an expired conditional use permit. Meza sought declaratory and injunctive relief to stop the construction.

Respondents City of Ontario (Ontario) and Wal-Mart demurred to the complaint. The court sustained the demurrer after taking judicial notice of the relevant municipal records and proceedings. It found the development plan and conditional use permit had been extended, and that Meza's challenge to the extensions were barred by the 90-day statute of limitations found in Government Code section 65009, subdivision (c)(1)(B). We affirm.


FACTS


The facts below are taken from Meza's complaint and the judicially noticed documents.

In November 2007 Ontario approved a project to demolish an existing shopping center with several dilapidated and vacant buildings and build a Wal-Mart Supercenter on the land. In connection with that approval, Ontario approved a development plan and conditional use permit. The development plan was approved for two years: "Development Plan approval shall become null and void two (2) years

2

following the effective date of application approval, unless a building permit is issued and construction is commenced, and diligently pursued toward completion." The conditional use permit was likewise granted for two years: "Conditional Use Permit approval has been granted in conjunction with Development Plan . . . approval. Application approval shall become null and void consistent with the time limits for the Development Plan (two (2) years following the effective date of application approval), unless: [¶] (a) All conditions of approval have been complied with and the approved use has commenced; or [¶] (b) Prior to the expiration date, a time extension request is filed with the Planning Department on a City application form, accompanied by the required filing fee, and is subsequently approved by the City."

In March 2009, after a public hearing, Ontario adopted ordinance No. 2901, entitled, "An ordinance of the City Council of the City of Ontario, California, granting a time extension to all Development Plan, Conditional Use Permit and Variance Approvals which are due to expire on or before March 1, 2010, and making findings in support thereof." As indicated in the title, this ordinance extended by one year all development plans and conditional use permits due to expire on or before March 1, 2010. According to the findings of the city council, this ordinance was adopted to address the "impacts of the current recession on development and land use . . . ." The city council observed that "with the current decline in the economy, developers, and land and business owners face the prospect of having their Development Plan, Conditional Use Permit and Variance approvals expire before they can obtain financing or have their projects make any sort of economic sense to build . . . ." It concluded "the proposed measure is necessary to the support of the future economic recovery of the City." As a result of this ordinance, the expiration of Wal-Mart's conditional use permit and development plan extended to November 2010.

In January 2010, the city council adopted a second ordinance extending the expiration of all development plans and conditional use permits a further year. As a

3

result of this ordinance, the expiration of Wal-Mart's conditional use permit and development plan extended to November 2011.  In March 2011, the city council again extended, by one year, the expiration of all active development plans and conditional use permits due to expire on or before March 1, 2012.  This extended the expiration of Wal-Mart's conditional use permit and development plan to November 2012.[1]

Meza filed his complaint in this case in September 2011, alleging that within the previous 90 days, Wal-Mart "began demolition activities, construction activities, or both . . . pursuant to the Development plan [and] the Conditional Use Permit . . . ."  The complaint alleged these activities were "not taking place based on a legally valid and in-force" development plan and conditional use permit.

The court sustained a demurrer without leave to amend to Meza's first amended complaint.  Meza timely appealed.

DISCUSSION

Meza contends that, despite the extension ordinances, both the conditional use permit and development plan expired.  With respect to the conditional use permit, Meza contends that under the Ontario Municipal Code, conditional use permits automatically expire after one year, and the first extension ordinance was passed more than one year after the conditional use permit issued.  Thus it expired before the first extension ordinance was passed.  Even assuming the extension ordinances were valid, therefore, they did not apply to the conditional use permit.  With respect to the development plan, Meza admits it was active at the time the extension ordinances were passed, but he contends the extension ordinances were invalid.  We conclude that both arguments are barred by the statute of limitations.

---

[1]     Collectively, we refer to these as the "extension ordinances."

4

Meza's argument that the conditional use permit lasted only one year rests on Ontario Municipal Code section 9-1.0950, which states, "A conditional use permit which involves new construction shall become null and void one (1) year following the date on which it was approved unless a building permit is issued and construction is commenced and diligently pursued toward completion. [¶] A Conditional Use Permit may be renewed for an additional period of time provided, prior to expiration, a written request for a time extension is filed with the Planning Department."

What Meza fails to address in his opening brief is the fact that the conditional use permit was initially granted for two years, and thus, on its face, was active at the time the first extension ordinance passed. For the first time in his reply brief, Meza states, "To the extent the Conditional Use Permit conflicts with the Ontario Municipal Code, Section 9-1.0600 provides that such permit is null and void." Section 9-1.0600 states, "All officials, departments, and employees of the City vested with the authority or duty to issue permits, certificates, or licenses shall comply with the provisions of the Development Code and shall issue no permit, certificate, or license which conflicts with the provisions of the Code. Any permit, certificate or license issued in conflict with the provisions of the Code shall be null and void."

Meza's argument is barred by the statute of limitations of Government Code section 65009. Subdivision (a)(2) of that section states, "The Legislature . . . finds and declares that a legal action or proceeding challenging a decision of a city, county, or city and county has a chilling effect on the confidence with which property owners and local governments can proceed with projects. Legal actions or proceedings filed to attack, review, set aside, void, or annul a decision of a city, county, or city and county pursuant to this division, . . . can prevent the completion of needed developments even though the projects have received required governmental approvals." Subdivision (a)(3) states, "The purpose of this section is to provide certainty for property owners and local governments regarding decisions made pursuant to this division." In carrying out that

5

purpose, the Legislature established limitations periods of as little as 90 days for various types of challenges related to municipal projects. Subdivision (c)(1)(E) provides a 90 day limitation period for actions or proceedings: "to determine the reasonableness, legality, or validity of any condition attached to a variance, conditional use permit, or any other permit."

Here, Meza's argument, raised for the first time in his reply brief, is that the two-year conditional use permit is illegal and invalid because it conflicts with the Ontario Municipal Code — precisely the sort of challenge subject to the 90-day statute of limitations. (*Travis v. County of Santa Cruz* (2004) 33 Cal.4th 757, 768 ["A plaintiff . . . may not avoid the short 90–day limit of section 65009 by claiming that the permit or condition is 'void' and thus subject to challenge at any time"].) The conditional use permit was issued in 2007. Meza filed his lawsuit in 2011. He is well past the point of being able to challenge the legality of Wal-Mart's two-year conditional use permit.

Meza's next argument, which would apply to both the conditional use permit and the development plan, is that the extension ordinances are invalid. Ontario Municipal Code section 9-1.0835, entitled "Lapse of Development Plan Review," establishes that development plan approval lasts two years "unless, prior to the expiration date, a building permit is issued and construction diligently pursued towards completion or a certificate of occupancy is issued for the structure which was the subject of the application. A one (1) year extension may be granted by the Zoning Administrator upon written request by the applicant received at least thirty (30) days prior to plan approval expiration date, providing that there has been no change in the conditions of or findings for approval. [¶] An application for renewal involving any substantial change from the original plan or the conditions of approval, as determined by the Zoning Administrator, shall be subject to all of the provisions of this article and shall require a new public hearing." As set forth above, section 9-1.0950 of the Ontario Municipal Code, which addresses conditional use permits, contains similar renewal language. Meza contends

6

that these renewal clauses are the exclusive means for extending a conditional use permit or development plan, and since these procedures were not followed, the extensions were invalid.

The trial court concluded, and respondents maintain on appeal, that Meza's argument is barred by Government Code section 65009, subdivision (c)(1)(B), which provides a 90-day limitations period "[t]o attack, review, set aside, void, or annul the decision of a legislative body to adopt or amend a zoning ordinance." The trial court concluded the extension ordinances were "zoning ordinances" within the meaning of that subdivision.

We need not address that issue, however, because Meza's argument is simply an attack on the "legality, or validity of [a] condition attached to a . . . conditional use permit, or any other permit," subject to the 90-day limitations period under Government Code section 65009, subdivision (c)(1)(E). The extension ordinances modified a *condition* of the permits by extending their expiration dates. "[A]n action is not removed from the purview of section 65009, subdivision (c)(1)(E) merely because the plaintiff claims the permit or condition was imposed under a facially unconstitutional or preempted law." (*Travis v. County of Santa Cruz*, *supra*, 33 Cal.4th at p. 768.) Subdivision (c)(1)(E) on its face applies to conditional use permits. It also, we conclude, applies to development plan approval.

Government Code section 65009, subdivision (c)(1)(E), provides a 90-day limitations period to "determine the reasonableness, legality, or validity of any condition attached to a variance, conditional use permit, or *any other permit*." (Italics added.) Although this subdivision does not mention development plans (indeed, we find no mention of the sort of private development plans at issue here in the relevant portion of the Government Code), we interpret the "any other permit" language as encompassing development plan approval. Under Ontario Municipal Code sections 9-1.0805 and 9-1.0810, under certain circumstances, approval of a development plan is a prerequisite to

7

proceeding with a proposed project. The purpose of development plan review is "[t]o ensure that new development or expansions of existing uses or structures occurs in a manner consistent with the overall goals and objectives of the General Plan, the objectives of the Development Code and with the neighborhood or area in which the development is proposed to be located." (Ontario Mun. Code, § 9-1.0800, subd. (A).) Because development plan approval is another form of permit to be acquired prior to proceeding with a project, it is encompassed by the "any other permit" language of Government Code section 65009, subdivision (c)(1)(E).

The last extension ordinance was passed in March of 2011. Meza filed his complaint in September of 2011, more than 90 days after the final extension ordinance extended the conditional use permit and development plan. Meza's challenge, therefore, is untimely.


DISPOSITION


The judgment is affirmed. Respondents shall recover their costs incurred on appeal.


IKOLA, J.

WE CONCUR:


ARONSON, ACTING P. J.


THOMPSON, J.


8